# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN H. BOLDEN, | ) |
|               Petitioner, | ) Civil Action No. 10 - 124J |
|        v. | ) Magistrate Judge Lisa Pupo Lenihan |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | ) |
|               Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, John H. Bolden, a state prisoner currently incarcerated at the State Correctional Institution at Somerset, Pennsylvania, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges decisions by the Pennsylvania Board of Probation and Parole (the Board) denying him release on parole. For the reasons set forth below, the Petition will be denied.

### A. Relevant Factual and Procedural History

Petitioner currently is serving an aggregate sentence imposed by the Court of Common Pleas of Philadelphia County. His minimum sentence expired on December 21, 2009 and his maximum sentence expires on December 21, 2011. Since Petitioner became eligible for parole, the Board has denied him parole on two occasions.

The first Board denial of his application for parole was recorded on September 24, 2009, and provides as follows.

AS RECORDED ON SEPTEMBER 24, 2009, THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/REPAROLED; AND, THE INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED. THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:

YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.

YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.

YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.

YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.

YOU WILL BE REVIEWED IN OR AFTER MARCH, 2010.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY PARTICIPATED IN/SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR SEX OFFENDERS (RETAKE).

SEX OFFENDER TREATMENT REPORT TO BE AVAILABLE AT TIME OF REVIEW.

YOU MAY FILE AN APPLICATION FOR PAROLE/REPAROLE NO SOONER THAN 1 YEAR AFTER THE DATE THE LAST DECISION DENYING PAROLE/REPAROLE WAS RECORDED.

ECF No. 4-2, P. 18.

The Board's most recent denial of Petitioner's application for parole was recorded on April 20, 2010, and provides as follows.

> AS RECORDED ON APRIL 20, 2010, THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, THE BOARD OF PROBATION AND PAROLE, IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED/REPAROLED; AND, THE INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED/REPAROLED. THEREFORE, YOU ARE REFUSED PAROLE/REPAROLE AT THIS TIME. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> YOUR NEED TO PARTICIPATE IN AND COMPLETE ADDITIONAL INSTITUTIONAL PROGRAMS.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
>
> YOUR PRIOR UNSATISFACTORY SUPERVISION HISTORY.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.
>
> YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.
>
> YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.
>
> YOU ARE TO SERVE YOUR UNEXPIRED MAXIMUM SENTENCE, 12/21/2011.

ECF No. 4-2, P. 21.

### B. Availability of Federal Habeas Corpus Relief

A prisoner may be granted federal habeas corpus relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Petitioner's habeas petition does not state a cognizable basis for federal habeas corpus relief because it fails to assert any constitutional violation associated with the Board's actions in denying his applications for release on parole. In this regard, Petitioner claims that the Board's actions violated his due process rights. Due process is guaranteed through the Fourteenth Amendment of the United States Constitution. The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; the substantive aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986). (citations omitted.)

To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property or liberty interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). If a person does not have a constitutionally-protected interest, he or she is not entitled to the procedural protections afforded by the Due Process Clause. A constitutionally-protected interest may arise either from the Due Process Clause itself, or from a statute, rule, or regulation. Hewitt v. Helms, 459 U.S. 460, 466 (1983). A liberty interest "inherent" in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed by its revocation is a serious deprivation requiring that the prisoner be accorded due process. Gagnon v. Scarpelli, 411 U.S. 778, 781 (1973). Liberty interests that fall

within this category include the revocation of parole, Morrissey v. Brewer, 408 U.S. 471 (1972), and the revocation of probation, Gagnon, 411 U.S. at 778. However, the granting of parole prior to the expiration of a prisoner's maximum term is not a constitutionally-protected liberty interest that is inherent in the Due Process Clause. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Thus, Petitioner must show that he has a liberty interest in parole that arises under state law.

The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor. *Cf.* Sandin v. Conner, 515 U.S. 472, 487 (1995). In this regard, the Pennsylvania Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest arising under state law in being released on parole prior to the expiration of their maximum terms.[1] Pennsylvania law <u>unambiguously</u> provides that a prisoner is <u>not entitled</u> to release from prison until the expiration of his maximum sentence.[2] Nothing in the

---

1. *See, e.g.*, McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993); Mickens-Thomas v. Commonwealth, Bd.. of Probation and Parole, 699 A.2d 792 (Pa. Commw. Ct. 1997) (parole is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd.. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), *appeal denied*, 637 A.2d 295 (Pa. 1993).

2. A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by

Pennsylvania Parole Act (or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is <u>eligible</u> for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time. *Accord* <u>Newman v. Beard</u>, 2010 WL 3211135, at* 6. Thus, Petitioner has failed to show a violation of his procedural due process rights with respect to the Board's actions in denying him release on parole.

Notwithstanding, several courts, including the Court of Appeals for the Third Circuit, recognize that, even though an inmate has no protectable liberty interest in parole that implicates procedural due process, his substantive due process rights may be violated if parole is denied by arbitrary government action.[3] In this regard, the constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them.[4] Some courts have determined that decisions to grant or deny parole may violate a prisoner's right to substantive due process if such decisions are based on arbitrary and capricious factors. The Supreme Court has declined to set forth a precise rule that defines the scope of impermissible "arbitrary" conduct for purposes of applying the substantive

---

the Board. *Id*.

3. *See, e.g.*, <u>Monroe v. Thigpen</u>, 932 F.2d 1437, 1442 (11th Cir. 1991); <u>Newell v. Brown</u>, 981 F.2d 880, 886 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993); <u>Block v. Potter</u>, 631 F.2d 233, 236 (3d Cir. 1980); <u>Carter v. Kane</u>, 938 F. Supp. 282 (E.D. Pa. 1996).

4. See also <u>Collins v. Harker Heights</u>, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials from abusing power, or employing it as an instrument of oppression); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

component of the Due Process Clause. Nonetheless, the Court has clarified that governmental conduct does not violate a person's substantive due process rights unless it amounts to an abuse of official power that "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

Applying this standard, the United States Court of Appeals for the Third Circuit rejected substantive due process challenges to state parole board decisions in Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001), and Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). In Coady, the prisoner insisted that the decision of the Pennsylvania Board of Probation and Parole violated substantive due process because the board used constitutionally impermissible criteria to deny parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information. The Third Circuit rejected Coady's claims on the grounds that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

In Hunterson v. DiSabato, the Third Circuit reversed an order granting the writ to a New Jersey inmate who claimed that a parole board decision imposing a five-year future eligibility term was arbitrary, capricious, and an unreasonable abuse of discretion. As the Third Circuit explained:

> this type of constitutional challenge to a state [parole] proceeding is not easily mounted. We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision .... The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F.3d at 246-47 (citations and internal quotation marks omitted).

In the case at bar, the Board's specified reasons for denying Petitioner's parole application are, on the face of them, in accordance with its statutory directives. In granting parole, the Board is required to consider the nature and character of the offense committed, the general character and history of the prisoner, the written or personal statement or testimony of the victim or victim's family, and the recommendations of the trial judge, the district attorney and of each warden or superintendent who has had control over the applicant. 61 Pa. Stat. § 331.19. Moreover, the Board is prohibited from granting parole unless the Commonwealth will not be injured thereby. *See* 61 Pa. Stat. § 331.21(a).[5]

Great respect and deference is due the interpretation given a statute by the officers or agency charged with its administration. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984). This deference is particularly important where an agency is charged with implementing a comprehensive and complex administrative program. Richardson v. Wright, 405 U.S. 208, 209 (1972). Where an administrating agency has interpreted the statute, a reviewing court is bound by the Chevron "rule of deference." *Id*. A court may not substitute its own construction of a statutory provision for a reasonable interpretation by an administrating agency. Chevron, 467 U.S. at 844. Agency interpretation is reasonable and controlling unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id*. Thus, this court must defer to the Board's reasonable interpretation of the mandates of the Parole Act, which it is charged with administering. *See* Reno v. Koray, 515 U.S. 50, 61 (1995); Chevron, 467 U.S. at 842; Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313 (3d Cir. 1995).

---

5. The Parole Act was repealed by 2009 Pa. Laws 33 and the statutes currently are codified at 61 Pa. Cons. Stat. §§ 6132 and 6135 (2010).

In reviewing the Board's exercise of discretion in denying an application for parole, this Court's only role "is to insure that the Board followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious nor based on impermissible considerations." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). The Board identified legitimate reasons for exercising its discretion in denying petitioner's applications for early release from prison. The Board's reasons for denying his parole application are, on the face of them, in accordance with its statutory mandate to protect the well being of the Commonwealth's citizens. Without a doubt, the safety of the public and the interests of the Commonwealth are injured by releasing prisoners who require additional treatment programs or other types of counseling and who do not have a favorable recommendation from their custodians. Petitioner does not allege that he was denied parole based on unconstitutional criteria such as race, religion or retaliation. Nothing in the record before this court suggests that the Board exercised its discretion in either an arbitrary or capricious manner. Although Petitioner makes much of the fact that he has successfully completed a sex offenders treatment program, the Board's parole refusal indicates that he needs to complete additional treatment programs. As such, Petitioner has failed to demonstrate that he is entitled to habeas corpus relief under the substantive prong of the Due Process Clause. *Accord* Banks v. Pennsylvania Bd. of Probation and Parole, 2004 WL 906296, at *4 (E. D. Pa. April 28, 2004) ("[T]he Board's decision that Petitioner may require continued participation in a prescriptive program does not constitute an arbitrary or capricious decision."); Shaffer v. Meyers, 338 F.Supp.2d 562, 566 (M.D. Pa. 2004) ("On the basis of the record before the court, and the stated reasons for the Parole Board's denial of parole, the court concludes that there was a rational basis for the denial of parole."); Cohen v. Pennsylvania Bd of Probation and Parole, 1998 WL 834101 (E.D. Pa. Dec. 2, 1998)

(holding that the denial of parole despite recommendation from prison psychiatrist does not state a violation of substantive due process).

Petitioner takes specific issue with the fact that the Board considered the nature of his offense in denying him parole. However, even the singular consideration of the nature of the inmate's underlying conviction offense does not violate due process.

> There is no question that the nature of the offense is a factor that the Parole Board may take into account when reviewing a parole request. Section 19 of the Parole Act, 61 P.S. § 331.19, requires the Board in granting paroles to consider, *inter alia*, "the nature and character of the offense committed." The precise question is whether that factor alone can be used to deny parole as a matter of general policy despite other factors that the Parole Board is directed to take into account including, *inter alia*, a parole applicant's conduct while in prison. In order to consider this argument, we must go behind the reasons stated for the parole refusal. . . .. In essence, the Parole Board has chosen to give great weight to one statutorily enumerated factor, and we believe that it has the discretion to give one factor great weight or even the entire weight. Moreover, parole reviews continue to be conducted and clearly the Parole Board retains the discretion to vary from the policy. Thus, we do not believe that the policy impermissibly acts to extend minimum sentences.

Stewart v. Pennsylvania Board of Probation and Parole, 714 A.2d 502, 507 (Pa. Commw. 1998). *See also* Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904, 914 (Pa. Commw. 2003) ("it is prudent for the Board to consider the nature of the offense and other information used by the trial court" in order to "carry out its statutory duties to protect the public and ensure that an individual is sufficiently rehabilitated before he reenters society").[6]

---

6. The recodified Parole Act continues to permit the Board to consider the nature and circumstances of the offense committed when making parole decisions. *See* 61 Pa. Cons. Stat. § 6135.

Here, Petitioner has failed to make any allegations that demonstrate that the Board acted in an arbitrary fashion. As such, he is not entitled to habeas corpus relief as to this claim. *Accord* Schmalz v. Brooks, Civil No. 06-16 Erie, 2007 WL 1449805 (W.D. Pa. May 16, 2007).

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Applying this standard to the instant case, the court concludes that Petitioner has failed to demonstrate any violation of his constitutional rights. Accordingly, a certificate of appealability will be denied.

### **ORDER**

**AND NOW**, this 3rd day of November, 2010;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____  
Lisa Pupo Lenihan  
United States Magistrate Judge

cc:     John H. Bolden  
          HJ - 4457  
          S.C.I. Somerset  
          1600 Walters Mill Road  
          Somerset, PA 15510